IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,522-01






EX PARTE ANDRE RENOR EVANS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2004-246-C2A IN THE 54TH JUDICIAL DISTRICT COURT


FROM MCLENNAN COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to charge of
retaliation, enhanced by one prior felony conviction, and was sentenced to twenty years'
imprisonment pursuant to a plea agreement. He did not appeal his conviction.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel advised him that there would be no enhancements, and failed to advise him of the applicable
punishment range for the offense to which he was pleading. The habeas record contains an
information charging Applicant with the un-enhanced third degree felony offense of retaliation, and
also a motion to amend the information adding an enhancement allegation. The motion to amend
was filed and granted by the trial court on the same date upon which Applicant entered his plea. The
habeas record does not contain any written admonishment as to the applicable punishment range for
either the un-enhanced charge or the enhanced charge.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was advised of the
punishment range applicable to the offense as originally charged, and as enhanced. The trial court
shall make findings as to whether counsel was aware of the State's intention to enhance the charge
prior to the date of the plea, and if so, whether and when he advised Applicant of this fact. The trial
court shall make findings as to what advice counsel gave Applicant regarding the plea agreement,
and as to why Applicant pleaded guilty in exchange for the maximum sentence for the enhanced
charge. The trial court shall make findings as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 16, 2009

Do not publish